IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| WRIGHT SOLUTIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CBD-12-0178 |
| ROCKY WRIGHT, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Before this Court is an unopposed Motion to Withdraw Appearance of Counsel Filed by Fox Rothschild, LLP Regarding Defendant Rocky Wright (the "Motion") (ECF No. 78). No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

**I.      Background**

Sharon Oras Morgan and Lawrence Curtis Hinkle, II of Fox Rothschild, LLP are counsel of record for Defendant Rocky Wright. Mot. 3. Counsel entered into an engagement agreement at the inception of the case, which required Defendant to pay Fox Rothschild for services rendered. *Id.* at 2. Fox Rothschild maintains, and Defendant does not dispute, that Defendant has failed to provide assurances of when he will pay the fees incurred. *Id.* On December 17, 2013, Fox Rothschild sent Defendant written notice of its intention to withdraw. *Id.* at 1. On January 2, 2014, Fox Rothschild filed an unopposed motion to withdraw appearance. *Id.* at 3.

## II. Discussion

Fox Rothschild seeks to withdraw as counsel for Defendant Rocky Wright ("Defendant") due to a breakdown in the attorney-client relationship. Mot. 3. Fox Rothschild asserts withdrawal should be granted because it provided proper notice and instruction to seek new counsel, Defendant's failure to meet his financial obligations resulted in financial hardship for the firm, a breakdown in communication adversely impacted impending litigation, and no prejudice would result. The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court. *Abbott v. Gordon*, CIV.A. DKC 09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010) (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)); *see also Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir.1994); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982).

### A. Counsel Properly Provided Defendant Written Notice, and Directed Defendant to Appoint New Counsel or Notify the Court of His Intent to Proceed *Pro Se*

Under Local Rule 101(2)(a), the appearance of counsel may be withdrawn only with leave of the Court and if

> [W]ithdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel.

Local Rule 101(2)(a) (D. Md.). According to the Declaration of Defendant Rocky Wright in Support of Motion to Withdraw Appearance ("Wright Affidavit") (ECF No. 78-2), Defendant received written notice from Fox Rothschild on December 17, 2013, fifteen days prior to submittal of the Motion. Wright Aff. ¶ 3–4. The notice informed him of Fox Rothschild's withdrawal and advised him to either have new counsel enter an

appearance or notify the Court that he would be proceeding without counsel. *Id.* ¶ 3. Defendant consents to the withdrawal and has advised Fox Rothschild that he intends to seek new counsel. Mot. 1.

### B. Permissive Withdrawal Applies Because Defendant's Failure to Meet His Financial Obligations Resulted in Financial Hardship

Pursuant to Local Rules 703 and 704, all attorneys practicing before this Court are subject to the Maryland Lawyer's Rules of Professional Conduct ("MRPC") 1.16, which provides a benchmark for when withdrawal may be permitted. *See* Local Rules 703, 704 (D. Md.). MRPC 1.16(b) allows for attorney withdrawal where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," and where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." MRPC 1.16(b)(5)–(6). In addition, Courts routinely permit attorney withdrawal where clients fail to pay fees in accordance with the terms of engagement. *Abbott*, 2010 WL 4183334, at *2; *see also*, *Hammond v. T.J. Little & Co.*, 809 F. Supp. 156, 163 (D. Mass. 1992) (allowing withdrawal where client failed to pay fees and did not cooperate with counsel); *Fed. Home Loan Mortg. Corp. v. 41–50 78th St. Corp.*, No. 92–CV–5692, 1997 WL 177862, at *4 (E.D.N.Y. April 4, 1997); *R. Maganlal & Co. v. M.G. Chem. Co.*, No. 88 CIV. 4896MJLTHK, 1996 WL 420234, at *2–3 (S.D.N.Y. July 25, 1996); *Portsmouth Redevelopment v. BMI Apts. Assoc.*, 851 F. Supp. 775, 783–84 (E.D. Va. 1994).

According to the Affidavit of Lawrence C. Hinkle II in Support of Motion to Withdraw Appearance of Counsel Filed by Fox Rothschild, LLP Regarding Defendant Rocky Wright ("Hinkle Affidavit") (EFC No. 78-1), Defendant has failed to meet his financial obligations to Fox Rothchild in accordance with the terms of his engagement agreement resulting in a

significant financial hardship for the firm.  Hinkle Aff. ¶ 5.  Fox Rothschild asserts that an engagement agreement has been in place since the inception of the case, which requires Defendant to pay Fox Rothschild for services rendered, and which Defendant has not adhered to despite ongoing reassurances.  *Id.* ¶¶ 4–5.

### C. Breakdown in Communication Adversely Impacted Representation, Further Justifying Withdrawal

Where a client's failure to pay fees is accompanied by other manifestations of deterioration in the attorney-client relationship, the justification for withdrawal increases.  *Abbott*, 2010 WL 4183334, at *3.  For instance, counsel in *R. Maganlal & Co.* asserted that, in addition to the client's failure to pay $28,000 in fees and disbursements, the client was no longer cooperative and failed to return phone calls or provide necessary documentation.  1996 WL 420234, at *2.  The Hinkle Affidavit asserts that communication between Fox Rothschild and Defendant has been difficult, because Fox Rothschild was unable to communicate with Defendant about the case for extended periods of time despite repeated efforts.  Hinkle Aff. ¶ 6.  Fox Rothschild, as a result, has had difficulty preparing the case for trial.  *Id.*

### D. No Evidence of Potential Prejudice Due to Withdrawal Exists

In all cases, the court must consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal.  *Abbott*, 2010 WL 4183334, at *3.  For example, failure to pay fees may not justify withdrawal where there is an impending trial or other key proceeding.  *See, e.g.*, *Portsmouth Redevelopment*, 851 F. Supp. at 786–87 (granting motion to withdraw where clients failed to pay substantial legal fees and trial was not imminent).  The circumstances here favor allowing counsel to withdraw because there are no impending deadlines in the case, Defendant acknowledges a breakdown in the attorney-client relationship warranting withdrawal, and Defendant consents to the withdrawal.  Mot. 1, 3;

Hinkle Aff. ¶ 7; Wright Aff. ¶ 4.  Accordingly, it will not be unreasonably prejudicial to either party if the Court permits Fox Rothschild to withdraw.

**III.    Conclusion**

For the foregoing reasons, the Court GRANTS Fox Rothschild's Motion.

March 12, 2014                                                                            /s/
                                                                              Charles B. Day
                                                                              United States Magistrate Judge

CBD/slr